# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INDIAN NATIONS HEALTHCARE, )<br>L.L.C., d/b/a Broken Bow Nursing Home, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LEXINGTON INSURANCE )<br>COMPANY, a foreign corporation, )<br>)<br>Defendant. ) | Case No. CIV-08-280-SPS |

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND

The Plaintiff Indian Nations Healthcare sued the Defendant Lexington Insurance Company in state court for a judicial declaration regarding its deductible under an insurance policy. The Defendant removed the case to this Court on the basis of diversity of citizenship, but the Plaintiff seeks a remand. For the reasons set forth below, the Plaintiff's Motion to Remand and Brief [Docket No. 5] is hereby GRANTED.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The parties to this case are clearly diverse, so the Court would have original jurisdiction of the case if the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). But a notice

of removal must be filed within thirty days of receiving an initial pleading containing a removable claim or, if the case was not initially removable, within thirty days of receiving an amended pleading, motion, order or other paper indicating that the case is removable, "except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

The Defendant is thus caught on the horns of a dilemma in defending its removal of this case. Assuming *arguendo* as the Defendant contends that the case was not initially removable, *i. e.*, that the Defendant was unable to determine from the Plaintiff's state court petition that the amount in controversy exceeded $75,000.00, the Defendant was required to file its notice of removal within one year of the commencement of the case.[1] On the other hand, assuming *arguendo* that the case *was* initially removable, *i. e.*, that the jurisdictional amount could have been determined from the Plaintiff's state court petition, the Defendant was required to file its notice of removal within thirty days of being served with the petition.

---

[1] The parties apparently agree that the case was not initially removable, *i. e.*, the Defendant contends it could not determine the amount in controversy from the state court petition, while the Plaintiff contends the Defendant has not yet shown the jurisdictional amount even now. But the Court is not convinced; the petition identified the insurance policy in question and summarized the parties' respective positions, *i. e.*, that the Plaintiff contended one deductible applied to five separate claims, while the Defendant contended multiple deductibles applied. Although the petition did not specify the deductible ($25,000.00) or the underlying claims, the Defendant was in possession of this information and could easily have determined that an adverse ruling would cost either the Plaintiff or the Defendant at least $75,000.00. *See, e. g., City of Moore, Oklahoma v. Atchison, Topeka & Santa Fe Railway Co.,* 699 F.2d 507, 509 (10th Cir. 1983) ("In a declaratory judgment action, the amount in controversy is measured by the value of the object of the litigation. . . . To determine the amount in controversy, we look to the pecuniary effect an adverse declaration will have on either party to the lawsuit.") [internal citations omitted]. But as is discussed below, it is unnecessary for the Court to decide whether or not the case was initially removable because the Defendant's notice of removal was untimely under 28 U.S.C. § 1446(b) either way.

The Defendant did neither of these things; its notice of removal was filed more than ninety days after it was served with the Plaintiff's state court petition, and more than one year after the case was commenced.² Thus, although the Defendant contends it was unable to determine that the amount in controversy in the case exceeded $75,000.00 until the Plaintiff responded to its discovery requests, and that it filed its notice of removal within thirty days of the Plaintiff's response, these factors are of no consequence to the timeliness of removal. The Defendant's notice of removal was untimely under Section 1446(b) whether or not the case was initially removable.

The Defendant argues that untimeliness under 28 U.S.C. § 1446(b) is not jurisdictional, which is correct, *see, e. g., In Re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir. 1997) (failure to remove within one year limitation of 28 U.S.C. § 1446(b) is a procedural rather than jurisdictional defect); *see also McKay v. Rogers,* 82 F.2d 795, 798 (10th Cir. 1936) ("[T]he matter of removal as to the requirement of time and manner is not jurisdictional, but more or less model and formal in which irregularities may be waived."), and goes on to suggest that remand for untimeliness is subject to "equitable exceptions." However, the Defendant has not shown that any such exceptions would apply here. *See, e. g., Huffman v. Saul Holdings Ltd. Partnership,* 194 F.3d 1072, 1980 (10th Cir. 1999) (holding that "a defect in removal procedure does not warrant a remand to state court if

---

² The case was filed in the District Court of Sequoyah County on June 29, 2007. The Defendant was served on April 9, 2008. The Plaintiff served responses to the Defendant's discovery requests on June 24, 2008. The Defendant filed its notice of removal on July 24, 2008.

subject matter jurisdiction existed at the time the district court entered judgment . . . whether judgment is based on the outcome of a trial or a district court's ruling on a dispositive motion."). Further, although the Defendant finds some superficially helpful language in the opinion of a sister court, *see Anderson v. Ford Motor Company*, 303 F. Supp. 2d 1253 (W.D. Okla. 2004), any reliance on *Anderson* is clearly misplaced. That case turned on the court's determination that the one year limitation in 28 U.S.C. § 1446(b) did not apply to initially removable cases; *i. e.*, that it *did apply* to cases that were not initially removable, such as the one here. *Id.* at 1258-59. Thus, *Anderson* would not save this case from remand even if it were not factually inapposite. The Court therefore concludes that this case should be remanded to the District Court of Sequoyah County for further proceedings.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, there is no presumption for or against such relief. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Court does not find that the Defendant lacked an objectively reasonable basis for seeking removal, and therefore declines to award costs and attorney's fees to the Plaintiff under 28 U.S.C. § 1447(c).

In summary, the notice of removal filed by the Defendant was untimely whether or not the case was initially removable based upon the allegations contained in the Plaintiff's

state court petition.  Consequently, the Plaintiff's Motion to Remand and Brief [Docket No. 5] is hereby GRANTED, and the case is hereby REMANDED to the District Court of Sequoyah County for further proceedings.

    IT IS SO ORDERED, this 28th day of August, 2008.

                                    **STEVEN P. SHREDER**
                                    **UNITED STATES MAGISTRATE JUDGE**